UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PEDRO JASON MELLS,           )
                             )
        Plaintiff,           )      3 07 1130
                             )
v.                           )      No. 3:07mc0116
                             )      **JUDGE HAYNES**
VANDERBILT UNIVERSITY, ET AL., )
                             )
        Defendants.          )

## MEMORANDUM

Plaintiff, a prisoner at the Criminal Justice Center in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Vanderbilt University, the Vanderbilt Medical Center ("VUMC"), the Vanderbilt Police Department ("VPD"), and Officer f/n/u Hampshire, whom Plaintiff describes as a VPD employee. Plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the Fourth Amendment arising out of Hampshire's arrest of him.

Plaintiff alleges that he was waiting for a friend at the VUMC on July 13, 2007 when Hampshire "ag[g]ressively approached . . . harassed and stalked [him] . . . ." (Docket Entry No. 4, p. 1)[1] Plaintiff explained to Hampshire that he was waiting for a friend, but Hampshire directed Plaintiff to leave. Plaintiff went to a different floor where Hampshire allegedly "yelled a threat and proceeded to attack" Plaintiff making "racial . . . slurs . . . ." (Docket Entry No. 4, p. 1). Plaintiff also alleges that Hampshire drew his firearm, would not allow him to leave, and that his "mode of his approach and interrogation was illegal and unwarranted." (Docket Entry No. 4, p. 1). Plaintiff asked a sergeant who arrived on-scene after his arrest for "medical attention" because of alleged "injuries [that he] sustained" during his arrest. Plaintiff alleges that he "felt terrorized" by

---

[1] See also Docket Entry No. 4.

Hampshire's conduct. (Docket Entry No. 4, Attach. Page dtd. 7-19-07). When his request for medical attention was "ignored," Plaintiff vomited in the patrol car. (Docket Entry No. 4, Attachment thereto). Plaintiff also asserts that he "was once an employee . . . at the Sarrat [Student] Center [at Vanderbilt] and experienced the injustice of being arrested . . . and falsely accused of participating in the commission of a crime . . . ." (Docket Entry No. 4, p. 5). According to Plaintiff, he "played such a minor role in the commission of [the] offense . . . that [he] was able to clearly detect[] that [he] was . . . being . . . racially profiled." (Docket Entry No. 5, p. 5).

Under the Prison Litigation Reform Act (PLRA), the Court is required to review a prisoner-plaintiff's complaint to determine if the claims are determined to be frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Factual allegations that are fantastic or delusional or claims that are not based cognizable legal theories are also deemed frivolous. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). *Pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), but under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to state a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The color of law element "does not require that the defendant be an officer of the State."

2

Dennis v. Sparks, 449 U.S. 24, 27 (1980). If the person did not act under color of law, the action must be dismissed because a § 1983 claim is not stated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Crowder v. Conlan, 740 F.2d 447, 450-51 (6th Cir. 1984). The Supreme Court defined "acting under color of [state] law," as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law...." Monroe v. Pape, 365 U.S. 167, 184 (1961) (citation omitted).

Here, the Defendants are not public officials. In Wolotsky v. Huhn, 960 F.2d 1331 (6th Cir. 1992), the Sixth Circuit summarized the various tests for determining whether a private person, (there, a mental health center under contract with a county), had acted under color of state law for § 1983 purposes. The agency summarily terminated a counselor without prior notice or a hearing.

> The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold the defendants liable under section 1983. These tests are: (1) the public function test, West v. Atkins, 487 U.S. 42, 49-50 (1988); (2) the state compulsion test, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170 (1970); and (3) the symbiotic relationship or nexus test, Burton v. Wilmington Parking Auth., 365 U.S. 715, 721-26 (1961).
>
> Plaintiff cannot establish that defendant is a state actor under the public function test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections, Flagg Bros., 436 U.S. at 149, or eminent domain, see Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). With regard to this case, providing mental health services has not been a power which has traditionally been exclusively reserved to the state.
>
> Plaintiff cannot establish that Portage Path was a state actor under the state compulsion test. The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. See Blum v. Yaretsky, 457 U.S. 991, 1004 (1982); Bier v. Fleming, 717 F.2d 308, 311 (6th Cir. 1983), cert. denied, 465 U.S. 1026 (1984). More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives. Blum, 457 U.S. at 1004. In this case, although the state provided a significant portion of the funding of Portage Path, the state did not choose the members of the Board of Trustees, nor did it choose the executive director or make

3

Case 3:07-cv-01130 Document 8 Filed 11/16/07 Page 3 of 5 PageID #: 57

> personnel policies or decisions for Portage Path. Thus, nothing in the record suggests that the state exercised such coercive power or provided such encouragement as to make Portage Path's personnel decision state action.
>
> Nor can plaintiff establish that defendant was a state actor under the symbiotic relationship test. <u>Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.</u> See Jackson, 419 U.S. at 351; Burton, 365 U.S. at 724-25. <u>Merely because a business is subject to state regulation does not by itself convert its action into state action.</u> Jackson, 419 U.S. at 350. <u>Rather, it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983.</u> See Bier, 717 F.2d at 311.

Id. at 1335 (emphasis added). The Court held that the agency there was not subject to any state coercion or directive and thus, was not acting under color of state law. Id. at 1338; see also Bier v. Fleming, 717 F.2d 308 (6th Cir. 1983), cert. denied, 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 686 (1984). Here, by asserting and charging Plaintiff with criminal conduct, only Hampshire could arguably be found to be performing a public function and subject to Section 1983 liability.

A private person can act under color of state law if a private party conspired with a state official to violate the plaintiffs constitutional rights. Dennis v. Sparks, 449 U.S. 24 (1980).

> As the Court of Appeals correctly understood our cases to hold, to act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions.

Id. at 27-28 (citation omitted).

Given that Plaintiff was charged as a result of Hampshire's alleged conduct, the Court concludes that Hampshire could be deemed to have "jointly engaged" with the other police officers in the alleged illegal arrest. Thus, although Plaintiff's complaint state a claim upon which relief can

4

Case 3:07-cv-01130 Document 8 Filed 11/16/07 Page 4 of 5 PageID #: 58

be granted as to the Defendant Hampshire.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge

11-16-07